FILED
2007 Jul-31 PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE "BUDDY" W. SCROGGINS, et al., | } } } | |
| Plaintiffs, | } } | CIVIL ACTION NO. 07-AR-1057-S |
| v. | } } | |
| VICTOR DENG, et al., | } } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

The court has before it a motion to remand filed on June 22, 2007, by plaintiffs, Clarence "Buddy" W. Scroggins ("Scroggins"), and Complete Lighting Source, Inc. ("Complete Lighting"), and supplemented on July, 18, 2007. The case was removed by defendants, Victor Deng ("Deng"), and DM Technology and Energy, Inc. ("DM"), on June 8, 2007, from the Circuit Court of Jefferson County, Alabama, Bessemer Division. The notice of removal alleged that the other defendant, BARTCO Lighting ("BARTCO"), had not yet been served. In fact, as it turns out, BARTCO had been served on May 24, 2007, but did not timely join in the removal. The removing defendants did not file a copy of their notice of removal with the Clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division, until June 18, 2007, ten (10) days after the notice of removal was filed in this court.

There are two potentially fatal procedural defects in the removal. First, all served defendants must join in the notice of

removal within thirty (30) days from service of process on the first served defendant.  28 U.S.C. §1446(a) and (b).  Removing defendants argue that plaintiffs' supplement to their motion to remand is untimely, in that it was not filed within thirty (30) days after the notice of removal was filed, so that the procedural defect was waived.  Plaintiffs had the right to rely on defendants' allegation in the notice of removal filed under the constraints of Rule 11, F.R.Civ.P., asserting that BARTCO had not been served.  Furthermore, a motion to remand can be supplemented by adding grounds, even though the supplement is filed more than thirty (30) days after the removal.  Also, BARTCO had the absolute right to elect not to join and to frustrate the removal.  It has filed what it calls a "special appearance", but it has still not joined in the removal.

Secondly, 28 U.S.C. §1446(d) provides, *inter alia*, that "**promptly** after the filing of such notice of removal of the civil action, the defendant or defendants shall . . . file a copy of the notice with the clerk of such State court, which shall effect the removal . . .".  (emphasis supplied).  Although other courts have held that a longer period than ten (10) days meets the requirement of promptness in filing with the state court clerk, in order to effectuate the removal, this court, construing removal statutes strictly in favor of the state forum, as it routinely does, finds that ten (10) days was not "**prompt**", and

constituted such a serious procedural defect as to form a separate basis for remand. There were good reasons for Congress to use the word "**promptly**".

There would be another fatal procedural defect had that reason been pointed out by plaintiffs. It is the absence in this notice of removal of a copy of the summons served on defendant, "DM". The inclusion of all "process" is clearly required by 28 U.S.C. §1446(a).

For these reasons, the supplementary motion to remand will be granted by separate order.

DONE this 31st day of July, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE